IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00623-BNB

HAZHAR A. SAYED,

Applicant,

v.

I.N.S.,

Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 1 7 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Applicant is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado. Applicant has filed **pro se** an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court must construe the application liberally because Applicant is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a **pro se** litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

Applicant alleges that he pled guilty in March 2001 in Boulder County District Court case number 00CR1250 to attempted second degree assault and that he received a deferred sentence. He further alleges that he later was allowed to withdraw his guilty plea because he had not been advised of the immigration consequences of that guilty plea. Applicant asserts that he entered a new guilty plea in 00CR1250 to a

lesser offense, attempted felony menacing, that he understood would not lead to his removal from the United States. Applicant contends that he was transferred immediately into the custody of federal immigration officials following his state court sentencing on the reduced charge and that he was held by immigration officials for six months before being released pending a determination of whether he should be removed from the country.

Applicant maintains that he subsequently was arrested, tried, and convicted for a new felony offense in Colorado state court and that he currently is serving a sentence in state prison for the new conviction. Applicant asserts that his direct appeal from the new conviction is pending in state court. He further asserts that federal immigration officials have issued a final order of removal from the United States that is based on both of the state court convictions described in this order.

In the instant action, Applicant is challenging both the validity of his conviction in 00CR1250 as well as the final order of removal in his immigration case. Applicant claims that his conviction in 00CR1250 is unconstitutional because his guilty plea in that case was not knowingly, intelligently, or voluntarily entered. Applicant challenges the final order of removal because it is based in part on his allegedly unconstitutional conviction in 00CR1250.

The Court notes initially that Applicant cannot challenge the validity of a state court criminal conviction in this habeas corpus action pursuant to 28 U.S.C. § 2241. For one thing, Applicant's claim challenging the validity of his state court criminal conviction must be raised in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

2

Furthermore, the named Respondent in this action is not a proper Respondent for Applicant's claim challenging the validity of his state court criminal conviction. Therefore, Applicant's claim challenging the validity of his state court criminal conviction will be dismissed without prejudice to being raised in a § 2254 action.  If Applicant has exhausted state remedies and he wishes to pursue his claim challenging the validity of his state court conviction in this Court, he must initiate a new civil action against a proper Respondent and he must use the proper form for an application for a writ of habeas corpus pursuant to § 2254.

The Court next will address Applicant's claim challenging the final order of removal.  That claim will be dismissed because a petition for review in the court of appeals "shall be the sole and exclusive means for judicial review of an order of removal."  8 U.S.C. § 1252(a)(5); *see also Gonzalez-Gonzalez v. Weber*, 472 F.3d 1198, 1199 (10th Cir. 2006) (noting that, pursuant to the REAL ID Act of 2005, judicial review of final orders of removal is limited to the courts of appeals).  Therefore, to the extent Applicant seeks to challenge the final order of removal in his immigration case, the Court lacks jurisdiction to consider that claim.  *See Schmitt v. Mauer*, 451 F.3d 1092, 1094 (10th Cir. 2006).  Accordingly, it is

ORDERED that Applicant's claim challenging the validity of his conviction in Boulder County District Court case number 00CR1250 is dismissed without prejudice to being raised against a proper Respondent in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  It is

FURTHER ORDERED that Applicant's claim challenging the validity of the final order of removal in his immigration case is dismissed for lack of jurisdiction.  It is

FURTHER ORDERED that the habeas corpus application is denied and the action is dismissed.

DATED at Denver, Colorado, this _16_ day of _____April_____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


## CERTIFICATE OF MAILING


Civil Action No. 09-cv-00623-BNB

Hazhar A. Sayed
Prisoner No. 113608
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826


I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on _4/17/09_

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk